1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

CARLOS PASOS,

11

          Plaintiff,                  No. CIV S-10-0278 GEB DAD P

12

    vs.

13

MATTHEW CATE et al.,

14

          Defendants.         <u>ORDER</u>

15

_____/

16

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17

filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

18

**SCREENING REQUIREMENT**

19

        The court is required to screen complaints brought by prisoners seeking relief

20

against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23

granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

24

U.S.C. § 1915A(b)(1) & (2).

25

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6               Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17              The Civil Rights Act under which this action was filed provides as follows:

18              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
19              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
20              law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

8  allegations concerning the involvement of official personnel in civil rights violations are not

9  sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10  **PLAINTIFF'S AMENDED COMPLAINT**

11  In plaintiff's amended complaint, he identifies as defendants Secretary Cate,

12  Warden Haviland, Associate Warden Singh, Captain Fox, Lieutenant Becerra, Correctional

13  Counselor Long, Sergeant Major, Sergeant Clay, Nurse Portillas, Officer Johnson, Officer Nixon,

14  and Officer Gooding. Plaintiff alleges that he is a veteran and is suffering from post-traumatic

15  stress disorder ("PTSD"). As a result of his PTSD, plaintiff alleges that he has been assigned

16  single-cell status since 2002. According to the complaint, the defendants were in the process of

17  re-housing other inmates who could no longer be housed in the gymnasium at plaintiff's

18  institution of confinement per court order and asked plaintiff if he would accept a cell mate.

19  Plaintiff declined, and the defendants then temporarily moved him to a single cell in

20  administrative segregation. Plaintiff claims that the defendants violated his right to due process

21  when they moved him to ad-seg without a hearing and violated his right against cruel and

22  unusual punishment because the new cell to which he was assigned was filthy. (Am. Compl. at

23  6-26.)

24  **DISCUSSION**

25  The court will dismiss plaintiff's amended complaint and grant him leave to file a

26  second amended complaint if he so desires. As an initial matter, the court notes that plaintiff has

3

1  not signed his amended complaint.  Under Rule 11 of the Federal Rules of Civil Procedure,

2  plaintiff must sign "[e]very pleading, written motion and other paper" submitted to the court.

3          In addition, the allegations in plaintiff's amended complaint fail to state a

4  cognizable claim against the named defendants.  Although the Federal Rules adopt a flexible

5  pleading policy, a complaint must give fair notice to the defendants and must allege facts that

6  support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

7  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

8  overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed

9  to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be

10  dismissed.  In the interest of justice, the court will grant plaintiff leave to file a second amended

11  complaint.

12          If plaintiff chooses to file a second amended complaint, plaintiff must allege facts

13  demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

14  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second

15  amended complaint must allege in specific terms how each named defendant was involved in the

16  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

17  some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

19  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

20  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

21  F.2d 266, 268 (9th Cir. 1982).

22          Plaintiff is advised of the following legal standards that appear govern the claims

23  he may be attempting to bring.  First, with respect to plaintiff's due process claim, he is advised

24  that although "[s]tates may under certain circumstances create liberty interests which are

25  protected by the Due Process Clause," those circumstances are generally limited to freedom from

26  restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary

1   incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995).  Here, a fifteen-day

2   stay in a single cell in administrative segregation does not "present a dramatic departure from the

3   basic conditions" of prison life.  <u>Id.</u> at 486.  If plaintiff elects to file a second amended complaint,

4   he will need to allege how his temporary assignment to a cell in the administrative segregation

5   unit rose to the level of an atypical and significant hardship.

6            With respect to plaintiff's Eighth Amendment claim, he is advised that the

7   "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited

8   by the United States Constitution.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  <u>See</u> <u>also</u>

9   <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

10  However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t

11  is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

12  prohibited by the Cruel and Unusual Punishments Clause."  <u>Whitley</u>, 475 U.S. at 319.  What is

13  needed to show unnecessary and wanton infliction of pain "varies according to the nature of the

14  alleged constitutional violation."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (citing <u>Whitley</u>,

15  475 U.S. at 320).  Plaintiff must allege facts showing that objectively he suffered a sufficiently

16  serious deprivation and that subjectively each defendant had a culpable state of mind in allowing

17  or causing the plaintiff's deprivation to occur.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991).  In

18  this case, although plaintiff's cell in administrative segregation may have been filthy, it is well

19  established that the routine discomfort inherent in the prison setting is inadequate to satisfy the

20  objective prong of an Eighth Amendment inquiry.  If plaintiff elects to file a second amended

21  complaint, he will need to allege specifically how his temporary cell in administrative

22  segregation denied him "the minimal civilized measure of life's necessities."  <u>Rhodes v.</u>

23  <u>Chapman</u>, 452 U.S. 337, 347 (1981).  <u>See</u> <u>also</u> <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978)

24  ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets

25  constitutional standards.  A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a

26  /////

1  few days and intolerably cruel for weeks or months."); <u>Kennan v. Hall</u>, 83 F.3d 1083, 1089 (9th

2  Cir. 1996).

3          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

4  his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

6  amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

7  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

8  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

9  each claim and the involvement of each defendant must be sufficiently alleged.

10                                  **CONCLUSION**

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's amended complaint (Doc. No. 10) is dismissed;

13          2.  Plaintiff is granted thirty days from the date of service of this order to file a

14  second amended complaint that complies with the requirements of the Civil Rights Act, the

15  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

16  must bear the docket number assigned to this case and must be labeled "Second Amended

17  Complaint"; failure to file a second amended complaint in accordance with this order will result

18  in a recommendation that this action be dismissed without prejudice; and

19          3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

20  civil rights action.

21  DATED: July 13, 2011.

22

23                                          _____

24                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

25  DAD:9
    paso0278.14am

26

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26