1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS PASOS,

11            Plaintiff,              No. CIV S-10-0278 GEB DAD P

12        vs.

13   MATTHEW CATE, et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16            On November 23, 2011, the court granted plaintiff a second sixty-day extension of

17   time to file his second amended complaint in this action.  On January 30, 2012, plaintiff filed a

18   motion for reconsideration of the order because the court stated that "No further extensions of

19   time will be granted for this purpose."  On February 14, 2012, the assigned district judge denied

20   plaintiff's motion for reconsideration as untimely.  To date, plaintiff has not filed his second

21   amended complaint.  He has, however, filed a motion for a temporary restraining order and/or

22   preliminary injunctive relief as well as a motion for appointment of counsel.

23            In his motion for a temporary restraining order and/or preliminary injunctive

24   relief, plaintiff alleges that prison officials have confiscated his personal property and are

25   refusing to release it to him.  Plaintiff seeks a court order requiring prison officials to return his

26   property to him.  As an initial matter, plaintiff's motion is defective because it does not comply

1  with the Local Rules of Court.  The court will not entertain any future request or motion for

2  injunctive relief from plaintiff that is not supported by (1) a declaration under penalty of perjury

3  on the question of irreparable injury, (2) a memorandum of points and authorities addressing all

4  legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected

5  by the order sought.  See Local Rule 231.  Moreover, plaintiff's motion for relief at this juncture

6  of the case is premature.  Specifically, plaintiff has not yet filed a second amended complaint.

7  Plaintiff is advised that this court is unable to issue an order against individuals who are not

8  parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

9  100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)

10 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

11 subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

12 not before the court.").  Accordingly, the court will deny plaintiff's motion for a temporary

13 restraining order and/or preliminary injunctive relief without prejudice.

14         As to plaintiff's motion for appointment of counsel, the United States Supreme

15 Court has ruled that district courts lack authority to require counsel to represent indigent

16 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

17 certain exceptional circumstances, the district court may request the voluntary assistance of

18 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

19 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

20         The test for exceptional circumstances requires the court to evaluate the plaintiff's

21 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

22 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

23 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

24 common to most prisoners, such as lack of legal education and limited law library access, do not

25 establish exceptional circumstances that would warrant a request for voluntary assistance of

26 counsel.  In the present case, the court does not find the required exceptional circumstances.

1          Finally, in the interest of justice, the court will grant plaintiff a final thirty days to

2  file his second amended complaint.  If plaintiff does not file a second amended complaint, the

3  court will recommend dismissing this action for failure to prosecute.  The court dismissed

4  plaintiff's first amended complaint on July 14, 2011, and granted him thirty days leave to file a

5  second amended complaint.  Subsequently, the court granted plaintiff two sixty-day extensions of

6  time to file his second amended complaint.  Notwithstanding the passage of several months now,

7  plaintiff still has not yet filed a second amended complaint.  Although it appears that plaintiff has

8  experienced some difficulty obtaining his personal property, plaintiff's filings in this case since

9  the court's July 14, 2011 order demonstrate that he has the resources and is more than capable of

10  drafting and filing a second amended complaint.  Further delay on plaintiff's part to prosecute

11  this case will not be tolerated by the court.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  Plaintiff's motion for a temporary restraining order and/or preliminary

14  injunctive relief (Doc. No. 20) is denied without prejudice;

15          2.  Plaintiff's motion for appointment of counsel (Doc. No. 21) is denied; and

16          3.  Plaintiff is granted a final thirty days to file his second amended complaint.  If

17  plaintiff does not file a second amended complaint, the court will recommend dismissing this

18  case for failure to prosecute.  Alternatively, if plaintiff feels he is unable to prosecute this case at

19  the present time, he may file a request to voluntarily dismiss this action without prejudice.

20  DATED: April 9, 2012.

21

22

23  DAD:9
    paso0278.tro

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24

25

26

3