IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS PASOS,

    Plaintiff,                       No. 2:10-cv-0278 GEB DAD P

    vs.

MATTHEW CATE, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983. For the following reasons, the court will recommend that this action be dismissed for failure to prosecute.

        On July 14, 2011, the court screened plaintiff's first amended complaint and dismissed it while granting plaintiff thirty days leave to file a second amended complaint. The court advised plaintiff of the legal standards governing the claims he was apparently attempting to bring. The court also cautioned plaintiff that failure to file a second amended complaint would result a recommendation that this action be dismissed. On August 15, 2011, plaintiff filed a motion for a sixty-day extension of time to file his second amended complaint, which the court granted. On November 4, 2011, plaintiff filed a second motion for a sixty-day extension of time to file his second amended complaint, which the court also granted. However, in granting that

1

second sixty day extension of time, the court informed plaintiff that it would not grant him any further extensions of time to file a second amended complaint. Nonetheless, on January 30, 2012, instead of filing a second amended complaint, plaintiff filed a motion for a temporary restraining order. In his motion, plaintiff alleged that prison officials had confiscated his personal property and were refusing to release it to him. Plaintiff sought a court order requiring prison officials to return his property to him. On February 14, 2012, the court denied plaintiff's motion for a temporary restraining order because it was defective in that it did not comply with the Local Rules and was premature because plaintiff had not yet filed a second amended complaint. In addition, the undersigned noted that the court could not issue an order against any individuals who were not parties to the suit pending before it. In the same order, the court granted plaintiff a final thirty days to file his second amended complaint. The court advised plaintiff that if he failed to file a second amended complaint, the court would recommend dismissing this action for failure to prosecute. The court noted that, although it appeared that plaintiff had experienced some difficulty obtaining his personal property, plaintiff's filings in this case since the court's July 14, 2011 order demonstrated that he had the resources and was more than capable of drafting and filing a second amended complaint. The court cautioned plaintiff that any further delay on his part in filing his second amended complaint would result in a recommendation that this action be dismissed.

    Nonetheless, once more, plaintiff has failed to file a second amended complaint. Instead, he has filed a "motion for mandate/prohibition" similar to his motion for a temporary restraining order seeking to compel prison officials to release his personal property. It is now clear that the court should dismiss this action because plaintiff is unable to prosecute this case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh

five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Id. at 1260-61.

Here, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This court issued its screening order dismissing plaintiff's amended complaint more than a year ago, and plaintiff still has not filed a second amended complaint despite being provided numerous opportunities to do so. Similar to the situation confronted by the court in Ferdik, the court in this case has provided plaintiff with detailed instructions on how to file a second amended complaint and how to state a cognizable claim for relief based on the factual allegations he has previously provided to the court. In addition, the court has provided plaintiff with more than sufficient time to file his second amended complaint. The court has also repeatedly warned plaintiff that no further extensions of time would be granted for the purpose of filing a second amended complaint. Plaintiff's failure to comply with court orders strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff demonstrates little intention to diligently pursue. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). After granting plaintiff numerous extensions of time, the court is left with no alternative but to recommend dismissal of this action.

With regards to the third factor, the risk of prejudice to the defendants as a result of plaintiff's failure to amend, the court cannot weigh what prejudice if any would result to defendants because none have yet appeared in this action. Where the fourth factor is concerned, the court obviously prefers to dispose of cases on the merits. However, even if these third and fourth factors weigh in plaintiff's favor, they do not outweigh the other three factors, which

strongly support dismissal under the circumstances of this case.  Ferdik, 963 F.2d at 1262-63 (holding that the first, second, and fifth factors outweigh the third and fourth factors in a case where the plaintiff repeatedly failed to file an amended complaint).  Accordingly, the court will recommend dismissal of this action due to plaintiff's failure to file a second amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for mandate/prohibition (Doc. No. 27) be denied; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
paso0278.ftp